## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 10 2016, 8:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Ruth Johnson
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Quashawn Gentry,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 10, 2016

Court of Appeals Case No.
49A02-1506-CR-593

Appeal from the
Marion Superior Court

The Honorable
Linda E. Brown, Judge
The Honorable
Steven J. Rubick, Magistrate

Trial Court Cause No.
49G10-1503-CM-8385

**Kirsch, Judge.**

[1] Following a bench trial, Quashawn Gentry ("Gentry") was found guilty of theft[1] as a Class A misdemeanor. Gentry raises one issue on appeal, which we restate as: whether the State presented sufficient evidence to support Gentry's theft conviction.

[2] We affirm.

## Facts and Procedural History

[3] On March 4, 2015, Shalonda Reeves ("Reeves") returned to her Marion County home and discovered that her back door had been kicked open and was still ajar. Inside, Reeves noted that at least two televisions had been stolen and immediately called the police. Indianapolis Metropolitan Police Department ("IMPD") Officer David Waterman responded, and Reeves provided him with the serial numbers from the stolen televisions.

[4] IMPD Detective Jon Walls[2] ("Detective Walls") was assigned to the investigation. Before March 6, 2015, the IMPD Property Recovery Unit notified Detective Walls that it had found one of the stolen televisions, which had been pawned at a local pawnshop. *Tr.* at 18-19. Using LeadsOnline, an internet database, Detective Walls learned that the television had been pawned by Gentry; the detective also confirmed that Reeves's serial number matched

---

[1] *See* Ind. Code § 35-43-4-2(a).

[2] Although both parties refer to Detective *John* Walls, Detective Walls testified that the spelling of his name is Jon. *Tr.* at 18.

that of the pawned television. Reeves told Detective Walls that she did not know Gentry, nor had she given anyone permission to take the television.

[5] On March 6, 2015, two days after the theft, Detective Walls called Gentry in for questioning and conducted a recorded interview. While questioning Gentry, Detective Walls showed him a copy of a LeadsOnline printout, which reflected the transaction during which the pawnshop purchased Reeves's television.[3] *Tr.* at 20. After looking at the printout, Gentry did not deny that he pawned the television. Instead, he tried to explain how the television came into his possession. Initially, he said that he had bought the television a week before, but had to pawn it because he needed money. *State's Ex.* 19. Detective Walls explained that Gentry could not have purchased the television a week prior, because the television had been stolen only two days before. Detective Walls left the room, and when he returned, he asked Gentry why he was lying. Gentry then said that he had bought the television for his daughter, just the previous day, and insisted that he had purchased it from a "guy named Kobe." *State's Ex.* 19. Gentry said he pawned it after his daughter was given another television and no longer needed his. *Id.* Gentry admitted that he knew the television was stolen. *Id.*

---

[3] Pawnshops generally produce a pawn ticket for each item that they buy. The ticket reflects the transaction, including the item description, serial number if applicable, and the name and address of the person from whom they are buying the item.

[6] The State charged Gentry with theft, as a Class A misdemeanor. Following a bench trial, during which the above facts were introduced via the testimony of Reeves, Officer Waterman, and Detective Walls, the trial court found Gentry guilty of theft as a Class A misdemeanor. Gentry now appeals.

## Discussion and Decision

[7] Gentry challenges the sufficiency of the evidence to support his conviction for Class A misdemeanor theft. "When we review the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the verdict." *Buelna v. State,* 20 N.E.3d 137, 141 (Ind. 2014). We consider conflicting evidence most favorably to the trial court's judgment. *Tatusko v. State*, 990 N.E.2d 986, 991 (Ind. Ct. App. 2013). We neither reweigh the evidence nor assess witness credibility. *Buelna,* 20 N.E.3d at 141. We will affirm the conviction unless no reasonable factfinder could conclude the elements of the crime were proven beyond a reasonable doubt. *Id.*

[8] A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class A misdemeanor. Ind. Code § 35-43-4-2(a). Here, the State had to prove beyond a reasonable doubt that Gentry knowingly exerted unauthorized control over Reeves's property with the intent to deprive her of its value. Gentry argues that he was never found in possession of the television and that "there is nothing in the record substantively about a pawn ticket or how the item was pawned." *Appellant's Br*. at 7. Further, he

contends "[t]here was no evidence of a witness from the pawn shop or an actual pawn ticket demonstrating that Mr. Gentry pawned the television." *Id*. Even if true, a lack of such evidence is of no import.

[9] Although a theft conviction may be supported by circumstantial evidence alone, we must proceed with caution to ensure that innocent individuals are not convicted. *Brink v. State*, 837 N.E.2d 192, 195 (Ind. Ct. App. 2005), *trans. denied*. Circumstantial evidence is that evidence "not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts sought to be proved." Black's Law Dictionary 126 (5th ed. 1983).

[10] Using the serial number of Reeves's stolen television, the IMPD Property Recovery Unit was able to match the stolen television to one that had been pawned by Gentry less than two days after the crime. This match caused Detective Walls to bring Gentry in for questioning on March 6. During Gentry's questioning, Detective Walls showed him a copy of the LeadsOnline printout, which reflected the transaction during which Reeves's television was sold to the pawn shop. *Tr*. at 20; *State's Ex*. 19. Although Gentry was inconsistent in his explanation about when and how he obtained the television, he never denied that he pawned the television listed on the printout. Gentry also admitted that he knew that the television was stolen. *Tr*. at 24; *State's Ex*. 19.

[11] From this evidence it was reasonable for the trier of fact to find that Gentry knowingly possessed and had unauthorized control over Reeves's television—a television that he knew was stolen—and that he intended to deprive her of its value or use when he pawned it. *See Purifoy v. State*, 821 N.E.2d 409, 413 (Ind. Ct. App. 2005) (citing *Gibson v. State*, 643 N.E.2d 885, 891 (Ind. 1994) (nothing in logic prevents person, who is not the actual thief, from knowingly possessing property of another with intent to deprive that person of its use and, therefore, being guilty of theft), *trans. denied*. This evidence, circumstantial and otherwise, was sufficient to support Gentry's conviction for Class A misdemeanor theft.

[12] Affirmed.

[13] Mathias, J., and Brown, J., concur.